IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-2478** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.     Procedural Background.**

On September 27, 2013, Petitioner Clarence Schreane, an inmate at FCC Allenwood in White Deer, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court.[1] (Doc. 1). Petitioner paid the filing fee. (Doc. 2). Named as Respondent in this habeas petition is the Federal Bureau of Prisons ("BOP").[2] The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner

---

[1] We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28 U.S.C. § 1331, with this Court, to wit: Civil Docket No. 3:10-CV-1765, M.D. Pa., *Schreane v. Holt, et al.*, which Petitioner appealed to the Third Circuit and subsequently affirmed by the Third Circuit on April 19, 2012; Civil Docket No. 3:11-CV-0613, M.D. Pa., *Schreane v. Seana, et al.*, which was dismissed on May 30, 2012, and subsequently affirmed by the Third Circuit on December 13, 2012; and Civil Docket No. 3:13-CV-1057, M.D. Pa., *Screane v. Thomas, et al.*, which was filed on April 23, 2012, and is still pending before this Court. Petitioner also previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in 3:13-cv-01643 which was dismissed by the Court and Petitioner is currently appealing to the Third Circuit.

[2] Insofar as Petitioner has filed a petition for habeas under § 2241, he has not named the correct Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, the correct Respondent in this case is Donna Zickefoose, Warden at FCC Allenwood.

essentially raises four grounds for habeas relief asking for a *nunc pro tunc* designation to be sentenced to a Tennessee state prison[3]. First, he claims that his initial arrest, on December 17, 1997, was unlawful and violated his *Miranda* rights. Second, Petitioner asserts a constitutional violation occurred based upon an alleged lack of due process regarding the evidence used against him at trial. Third, Petitioner alleges that his custody amounts to a violation of the Interstate Agreement on Detainers, and as such, his charges should have been dropped before trial. Fourth, Petitioner alleges so-called *Brady* violations, arguing that the prosecution withheld exculpatory evidence at his trial. As relief, Petitioner requests that the Court issue "a *nunc pro tunc* designation of a state prison in 'Tennessee' as the place for him to serve both his 18 U.S.C. § 3584(a) state and federal sentence, and to transfer him to that facility." (Doc. 1, p. 3).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[4]

---

[3]Petitioner raises the same grounds for relief that he raised in this Court in his previous Petition for Writ of Habeas Corpus in 3:13-cv-01643 which was dismissed by the Court on September 18, 2013 and is currently on appeal to the Third Circuit.

[4]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

As we previously recommended in Petitioner's Petition for Writ of Habeas Corpus in 3:13-cv-01643 and based on well-settled precedent, we find that Petitioner's remedy with respect to his claims is a §2255 motion, not a § 2241 habeas petition, as he has once again filed.

**II.    Factual Background**.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the Eastern District of Tennessee.[5] Pursuant to that conviction, Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years supervised release. Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003. After the Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking to appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regards to his sentence. The District Court for the Eastern District of Tennessee denied that motion as time-barred by the statute of limitations on December 13, 2004. Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009. On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit Court of Appeals since he had not received permission to file a successive §2255 motion, as

---

[5]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon. We accessed the Docket at https://ecf.tned.uscourts.gov.

required. On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals. Most recently, in May 2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the denial of his § 2255 motion in 2004. The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

As discussed, Petitioner also previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court in 3:13-cv-01643 which was dismissed by the Court and Petitioner is currently appealing to the Third Circuit. Petitioner filed the instant §2241 petition for writ of habeas corpus on September 27, 2013 in this Court.

### III. Claims of Habeas Petition.

In his petition, Petitioner alleges four separate grounds for habeas relief. On these grounds, Petitioner asks that his Petition for Writ of Habeas Corpus be granted. First, he claims that his initial arrest, on December 17, 1997, was unlawful and violated his *Miranda* rights. Second, Petitioner asserts a constitutional violation occurred based upon an alleged lack of due process regarding the evidence used against him at trial. Third, Petitioner alleges that his custody amounts to a violation of the Interstate Agreement on Detainers, and as such, his charges should have been dropped before trial. Fourth, Petitioner alleges so-called *Brady* violations, arguing that the prosecution withheld exculpatory evidence at his trial. As relief, Petitioner requests that the Court issue "a *nunc*

4

*pro tunc* designation of a state prison in 'Tennessee' as the place for him to serve both his 18 U.S.C. § 3584(a) state and federal sentence, and to transfer him to that facility." (Doc. 1, p. 3). Petitioner is incarcerated in the BOP and has a pending state case in Tennessee.

Furthermore, Petitioner states:

> Mr. Schreane is currently incarcerated under the authority of the Federal Bureau of Prisons, with his pending state case, Mr. Schreane is prejudice by the Federal Bureau of Prisons not providing its prisoners that have state pending cases with any relevant state case law, its fundamentally unfair, to Mr. Schreane, upon the of Tennessee denying Mr. Schreane's every attempt to seek relief, he has absolutely no means to research Tennessee case law that the courts had denied his motions.

(Doc. 1, pp. 4-5).

## IV.     Discussion.

Initially, as noted, the only correct Respondent in this case is Donna Zickefoose, Warden at FCC Allenwood. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004).

We find that Petitioner's present § 2241 habeas petition should be dismissed for lack of jurisdiction. The Third Circuit Court has explained, "What is relevant for our purposes is that unlike § 2255, which only confers jurisdiction over 'challenge to the validity of the petitioner's sentence' we have held that § 2241 'confers habeas jurisdiction to have the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Petitioner in the instant case is challenging the validity of his sentence, therefore a § 2241 motion is not the proper remedy. To the extent Petitioner raises a claim regarding his detention under the I.A.D., we find that claim is related to the validity of his sentence, and not its execution, therefore a § 2241 habeas petition is still not the proper remedy.

5

As stated, Petitioner attempted to file several successive § 2255 motions, but his requests for permission to do so were denied by the Sixth Circuit Court of Appeals. Further, the Third Circuit Court has held, "[a]lthough a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be 'inadequate or ineffective,' a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements," which includes the statute of limitations. *Rivera v. Scism*, 438 Fed. Appx. 154, 156 (3d Cir. 2011). Further, the Third Circuit Court held that,"the fact that [petitioner] is unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion 'inadequate or ineffective.'" *Id*.

As stated, in the present case, Petitioner has filed a §2241 Petition for a Writ of Habeas Corpus challenging his Federal sentence to a BOP facility. In *Parke*, an inmate attempted to challenge his life sentence improperly through a § 2241 habeas petition, claiming constitutional violations at trial and his alleged factual innocence, just as Petitioner in the instant case does, and the Third Circuit affirmed the District Court's finding that a § 2255 motion was the proper remedy. The Third Circuit stated that "[a]ll of [petitioner's] claims could have been raised in his first § 2255 motion since they are based on alleged constitutional error at trial and on direct appeal. Nor do [Petitioner's] claims of factual innocence...make § 2241 available to him." *Parke v. Kirby*, 441 Fed. Appx 64 (3d Cir. 2011).

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request

6

for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104; *see also Middleton v. Ebbert*, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011).

Presently, we find that Petitioner has made no showing that a § 2255 motion is "inadequate or ineffective" to raise his present habeas claims as required by *Dorsainvil*. Nor does he present a constitutional issue substantial enough to invoke the court's reasoning in *Green* in allowing an inmate to challenge his sentence under § 2241. As such, we find that § 2255 is the proper means for Petitioner to challenge his sentence.

Further, we find that Petitioner's recourse is still a §2255 motion even though the Sixth Circuit Court of Appeals has repeatedly denied his motions to file successive § 2255 motions, pursuant to 28 U.S.C. § 2244(b)(3).

7

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, *supra*. A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In the instant case, even though Petitioner has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy again. Despite the fact that he did file a previous § 2255 motion as to his sentence, and has attempted to file successive motions, he also does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from the circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section

8

2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, *supra* (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

Thus, we will recommend that the District Court summarily dismiss Petitioner's habeas petition under Rule 4 since we find that Petitioner's proper recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Sixth Circuit Court of Appeals. *See Moore-Bey v. Ebbert, supra; Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion).

Petitioner's present habeas claims are clearly an attack on the sentence imposed on him by the United States District Court for the Eastern District of Tennessee. Thus, Petitioner cannot "evade the gatekeeping requirements of §2255 by seeking relief under §2241." *Bush v. Elbert*, 299

Fed. Appx. at 149; *Middleton, supra*. Given the Petitioner's repeated unsuccessful attempts to file successive § 2255 motions with the Sixth Circuit Court of Appeals, we are particularly persuaded by the Court's reasoning in *Bush*, in finding that Petitioner is attempting to couch his § 2255 claims in a § 2241 habeas petition as an improper alternative remedy by now asking the Court to designate him to serve his sentence in state prison. Based upon the above stated well-settled case law, we shall recommend that Petitioner's Habeas Corpus Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V.    Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 17, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-13-2478** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **October 17, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                    **s/ Thomas M. Blewitt**
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: October 17, 2013**
**Dated: October , 2013**